Goran **POPOVIC**; Dusica **Popovic**, Petitioners,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–72648.

Agency Nos. A73–178–908, A73–178–909.

United States Court of Appeals, Ninth Circuit.

---

Submitted April 12, 2004.*

Decided April 26, 2004.

Goran Popovic, Las Vegas, NV, pro se.

Dusica Popovic, Las Vegas, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Anthony P. Nicastro, Andrew C. Maclachlan, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before O'SCANNLAIN, RYMER and BEA, Circuit Judges.

### MEMORANDUM**

Goran Popovic and Dusica Popovic, both natives and citizens of the Former Republic of Yugoslavia, petition *pro se* for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Petitioners contend that the IJ erred in denying their application based on petitioners' failure to present corroborating evidence of persecution. This contention fails because a review of the record shows that the IJ's decision was not based on the absence of corroboration. Moreover, substantial evidence supports the IJ's conclusion that petitioners failed to establish past persecution or a well-founded fear of persecution on account of an enumerated ground. *See Khourassany v. INS,* 208 F.3d 1096, 1100–01 (9th Cir.2000).

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Petitioners contend that they are entitled to relief under the United Nations Convention Against Torture. We lack jurisdiction to review this claim since petitioners did not exhaust it with the BIA. *See Ortiz v. INS,* 179 F.3d 1148, 1152–53 (9th Cir.1999).

Finally, petitioners' contention that the BIA's summary affirmance of the IJ's order violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc,* to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.